# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CHRISTOPHER ALAN EVERETT**                                                    **PLAINTIFF**

v.                          No: 4:22-cv-00053-JM-PSH

**BARBER,** *et al.*                                                                **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Christopher Alan Everett filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 20, 2022, while incarcerated at the White County Detention Facility (Doc. No. 1). At the Court's direction, Everett filed an amended complaint to clarify and limit his claims (Doc. No. 5). For the reasons described

herein, the undersigned recommends that Everett's *in forma pauperis* status be revoked and his case be dismissed unless he pays the full filing and administrative fees.

The Court granted Everett's application to proceed *in forma pauperis* (Doc. No. 4), but has since learned that Everett is considered a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA") because he has had at least three cases dismissed for failure to state a claim upon which relief may be granted. The following cases filed by Everett were dismissed for failure to state a claim before he filed this l.awsuit: *Everett v. Banister, et al.,* No. 3:20-CV-000192 (E.D. Ark.); *Everett v. Payne, et al.*, No. 3:20-cv-00243-DPM (E.D. Ark.); and *Everett v. Dykes, et al.*, 3:20-cv-00309-KGB (E.D. Ark.).

The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified

that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

In his amended complaint, Everett alleges that defendants were deliberately indifferent to his serious medical needs when he had a seizure on December 29 or 30.[1]  Everett makes no allegation that there is any ongoing failure to treat his serious medical needs or that he is presently in any danger of physical injury.  Because Everett does not describe any threat of imminent serious physical injury, he may not proceed in this case unless he pays the $402 filing and administrative fees in full.

IT IS THEREFORE RECOMMENDED THAT:

1. The Order granting Everett's motion for leave to proceed *in forma pauperis* (Doc. No. 4) be VACATED and SET ASIDE, and this case be DISMISSED WITHOUT PREJUDICE.

2. Everett be given thirty days to reopen the case by paying the $402 filing and administrative fees in full and filing a Motion to Reopen.

DATED this 8th day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Everett states this occurred in 2022, but likely meant December 2021 since his original complaint was filed on January 20, 2022.